# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6153 | **DATE** | 10/9/2012 |
| **CASE TITLE** | Ruderman vs. Bank of America, N.A. | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendant's motion for leave to file a third-party complaint [38] and the parties' joint motion for extension of time to complete discovery [49]. For the reasons stated below, the Court grants both motions. Fact discovery cut-off date of 11/30/2012 is extended to 4/15/2013. Notice of motion date of 10/16/2012 is stricken and no appearances are necessary on that date. Status hearing date of 11/20/2012 is stricken and reset to 4/9/2013 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant seeks leave to file a third-party complaint against Jeffrey S. Arnold, an attorney who allegedly issued an opinion letter averring that Plaintiff had authorized the execution and delivery of certain forbearance agreements at issue in the case and that those agreements were enforceable against Plaintiff. Plaintiff opposes Defendant's motion, arguing that Defendant unreasonably delayed in filing the motion for leave to file a third-party complaint and that granting the motion will result in prejudicial delay to her.

Notwithstanding Defendant's invocation of Federal Rule of Civil Procedure 15, third-party pleadings are governed by Rule 14. Rule 14 is one of "procedural economy," *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002), that is "designed to avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted." *Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975); see also *Am. Family Ins. Co. v. Hewlett-Packard Co.*, No. 1:10-cv-01124, 2011 WL 4550155, at *2 (S.D. Ind. Sept. 28, 2011) ("Rule 14 is designed to accomplish efficiencies in the dispensation of justice by forgoing two successive lawsuits involving substantially the same evidence and legal arguments when one lawsuit will do.").

This Court has the discretion to determine whether a third-party complaint is appropriate when a defendant seeks to file one more than fourteen days after serving its original answer. See Fed. R. Civ. P. 14(a)(1); *Marseilles*, 299 F.3d at 650. But the Seventh Circuit has explained that district courts "should not preclude [the] prosecution" of third-party actions so long as they "fall[ ] within the general contours limned by Rule 14(a), do[ ] not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice." *Marseilles*, 299 F.3d at 650 (quoting *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 395 (1st Cir. 1999)).

The "general contours" of Rule 14(a) provide that a defendant may file a third-party complaint against, or implead, "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).

**STATEMENT**

Impleader "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. * * * [I]t must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff." 3 *Moore's Federal Practice* § 14.04[3][a] (3d ed. 2011). Here, Plaintiff has alleged that Defendant is liable to her for "all losses and damages caused by [Defendant's] wrongful conduct," [1 ¶¶ 48, 53, 62, 66], including conversion, breach of fiduciary duty, fraud, and professional negligence. Defendant in turn seeks to pin at least some of the blame on Arnold, whom it alleges induced Defendant to enter into the disputed forbearance agreements by failing to exercise a reasonable degree of care and skill. Plaintiff does not dispute, and the Court finds, that these allegations fall within the "general contours" of Rule 14(a).

The Court also concludes that the proposed third-party complaint "does not contravene customary jurisdictional and venue requirements." *Marseilles*, 299 F.3d at 650. A third-party claim must be supported by federal subject matter jurisdiction. 3 *Moore's Federal Practice* § 14.03 (3d ed. 2011). A third party claim either may be supported by an independent basis of subject matter jurisdiction such as federal question jurisdiction or diversity of citizenship jurisdiction—or, where the claim is brought by the defendant, by supplemental jurisdiction under 28 U.S.C. § 1367(a). See *id.*; *Touhy & Touhy, Ltd. v. Langeland*, No. 08-cv-2950, 2009 WL 249405, at *2-*3 (N.D. Ill. Feb. 2, 2009) (courts have supplemental jurisdiction over third-party claims asserted by a defendant under § 1367(a), but § 1367(b) precludes courts from exercising supplemental jurisdiction over third-party claims asserted by a plaintiff). The proposed third-party complaint asserts diversity jurisdiction; Arnold is a citizen of Illinois, Defendant is a citizen of North Carolina, and the amount in controversy exceeds $75,000. Plaintiff also is a citizen of Illinois, but "[a] defendant's impleader under Fed. R. Civ. P. 14 of a party that is not diverse form the plaintiff does not destroy jurisdiction." *Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, 487 F.3d 1061, 1063 (7th Cir. 2007). The proposed third-party complaint also satisfies the venue requirements of 28 U.S.C. § 1391(b); it alleges that third-party defendant Arnold resides in Cook County, Illinois, which is within the Northern District of Illinois.

The Court's final consideration, and the one on which Plaintiff rests her opposition, is whether granting leave to file the third-party complaint would "work unfair prejudice." Plaintiff asserts that the third-party complaint could have been filed long ago and argues that Defendant's explanation for its delay – that it had to conduct an investigation into the validity of such a claim – rings hollow. She also contends that allowing Defendant to implead Arnold will significantly delay the forward progression of discovery and resolution of the case. Defendant retorts that it will be prejudiced if the motion is not granted; it argues that it will face the specters of duplicate litigation efforts and inconsistent determinations if it is forced to file a standalone suit against Arnold. It also avers that such a suit may not be permissible under Illinois law, see *Harshman v. DePhillips*, 844 N.E.2d 941 (Ill. 2006), and points out that the possibility of third-party claims was raised on the record in January 2011.

The timeliness of the motion for leave to file a third-party complaint and the reasons for any delay in doing so are important considerations. See *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993). The motion here was filed on April 17, 2012, about nine months after Defendant's answer, about a year and a half after Plaintiff initiated the action, and about two months before the original discovery deadline. (The deadline has since been extended upon joint motion by the parties. See [46, 48].) Defendant claims it needed this time to "conduct a thorough investigation to determine whether there was any evidence to support Arnold's representation that Ruderman was his client and whether she was advised in connection with her signing of the forbearance agreements." [38 ¶ 5]. Plaintiff counters that such an investigation need not have taken so long and that adding Arnold to the case now will undoubtedly cause more delay. [42 at 3]. The Court concludes that while Defendant probably could have filed its motion in a more expeditious fashion, any adverse effect on Plaintiff or the progression of the case would be minimal. Defendant filed the motion three months before fact discovery was set to close, not on the eve of summary judgment or trial, and Plaintiff had been aware of the possibility that a

**STATEMENT**

third-party complaint may be filed. The parties themselves have advised the Court that fact discovery need only be extended an additional thirty days if leave to file the third-party complaint is granted. [49 ¶ 5]. In light of these considerations, as well as the judicial economy concerns underlying Rule 14, the Court grants Defendant leave to file the third-party complaint. [38].

The Court also grants the parties' joint motion to extend fact discovery [49]. Per the parties' joint request, the Court extends the fact discovery cut-off from 11/30/2012 to 4/15/2013. Notice of motion date of 10/16/2012 is stricken and no appearances are necessary on that date. Next status hearing date of 11/20/2012 is stricken and reset to 4/9/2013 at 9:00 a.m.